IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIA CRYOSERVICES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| | ) | |
| v. | ) | CV 124-185 |
| | ) | |
| LORIN COHEN, | ) | |
| | ) | |
| Defendant/ Counterclaim Plaintiff/ Third-Party Plaintiff, | ) ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGIA CRYOSERVICES, INC. PERFORMANCE INCENTIVE COMPENSATION PLAN; and CLARENCE BLALOCK, as Plan Administrator, | ) ) ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Third-Party Defendants Georgia Cryoservices, Inc. Performance Incentive Compensation Plan and Clarence Blalock's unopposed motion to stay discovery regarding the third-party complaint. (Doc. no. 15-2.) For the reasons explained below, the Court **GRANTS** this motion and further **STAYS** *all* discovery in this matter pending the presiding District Judge's ruling on all currently pending motions. (Doc. nos. 12, 15-1, 18.)

I.  **THIRD-PARTY DEFENDANTS' MOTION TO STAY DISCOVERY**

The Third-Party Defendants filed a motion to dismiss Third-Party Plaintiff Cohen's ("Cohen") third-party complaint. (Doc. no. 15; see also doc. no. 5.) In this motion, the Third-Party Defendants also move to stay discovery regarding the third-party complaint pending resolution of their motion. (Doc. no. 15, pp. 1, 15-16.) Although Cohen responded to the motion to dismiss the third-party complaint by filing a motion for leave to amend pleading, (doc. no. 18), she did not respond to the motion to stay discovery concerning the third-party complaint contained in the motion to dismiss, (see generally id.). Therefore, because Cohen has not responded to the motion to stay discovery, it is unopposed. See Loc. R. 7.5. Accordingly, the Court **GRANTS** the request, (doc. no. 15-2), and **STAYS** discovery regarding the third-party complaint pending a ruling on the motion to dismiss the third-party complaint, (doc. no. 15-1). The Third-Party Defendants' motion to dismiss the third-party complaint shall remain pending before the presiding District Judge. (Doc. no. 15-1.)

II.  **THE COURT STAYS ALL DISCOVERY PENDING RULINGS ON ALL CURRENTLY PENDING MOTIONS**

Furthermore, in light of Plaintiff/Counterclaim-Defendant Georgia Cryoservices, Inc.'s ("Georgia Cryo") pending motion to dismiss the counterclaim, (doc. no. 12), and Defendant/Third-Party Plaintiff Cohen's ("Cohen") motion to amend her answer, counterclaim, and third-party complaint, (doc. no. 18), and for the reasons set forth below, the Court **STAYS** *all* discovery pending a ruling by the presiding District Judge on Georgia Cryo's motion to dismiss the counterclaim, (doc. no. 12), the Third-Party Defendant's motion to dismiss, (doc. no. 15-1), and Cohen's motion to amend, (doc. no. 18).

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Here, the Court declines to allow discovery to proceed in a piecemeal fashion because it would be costly and inefficient. First, for the reasons described above, discovery regarding the third-party complaint is stayed. Moreover, based on a preliminary peek at Georgia Cryo's motion to dismiss the counterclaim, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion has the potential to be dispositive of the counterclaim because it seeks dismissal of the counterclaim in its entirety. (See doc. no. 12.) Furthermore, Cohen has filed a motion to amend her answer, counterclaim, and third-party complaint, (doc. no. 18), which if granted, would moot the pending motions to dismiss but also change the issues to be litigated.

It makes little sense to forge ahead with full discovery in this context of uncertainty because of the substantial risk that much time and money could be wasted.[1] See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim

---

[1] The Court is aware the Third-Party Defendants "have no objection to discovery on Georgia Cryo's claim proceeding." (Doc. no. 15, p. 15.) Nonetheless, for the reasons described in this Order, the Court concludes all discovery should be stayed.

3

for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Additionally, although no dispositive motion regarding Georgia Cryo's complaint has been filed, because a discovery stay is warranted for the third-party claims and counterclaim, the Court further finds the balance weighs in favor of staying discovery on the claims alleged in Georgia Cryo's complaint. The counterclaim and claims alleged in Georgia Cryo's complaint are highly related: Georgia Cryo alleges Cohen was terminated for cause for engaging in prohibited activities, which in turn entitles Georgia Cryo to recover the benefits paid to Cohen under an employee benefits plan ("the Plan") and associated Performance Award Agreement, (see doc. no. 1-1), while Cohen denies engaging in prohibited activities and asserts Georgia Cryo's for cause termination decision interferes with her entitlement to benefits under the Plan in violation of the Employee Retirement Income Security Act ("ERISA"), (see doc. no. 5, pp. 9-22). Therefore, given the inter-connected nature of the claims at issue in this litigation, a discovery stay regarding the claims involved in the original complaint is warranted to avoid inefficient and costly discovery prior to resolution of potentially dispositive preliminary issues.

Furthermore, the deadline for the parties to confer as provided in Federal Rule of Civil Procedure 26(f) and then submit a joint 26(f) Report as set forth in the Court's prior Order has passed. (See doc. no. 4.) However, no Rule 26(f) Report has been filed, indicating the parties

4

have not yet commenced discovery.[2]  Accordingly, because discovery deadlines have not yet been set, any burden experienced by the parties by the Court's stay of all discovery is minimal. Moreover, given the pending motions to dismiss the counterclaim and third-party complaint, the productivity of holding a Rule 26(f) conference at this time is limited, as resolution of such motions may alter the claims at issue, proposed discovery deadlines, and/or the parties who should attend the Rule 26(f) conference.

Thus, the Court **STAYS** *all* discovery pending resolution of Georgia Cryo's motion to dismiss the counterclaim, (doc. no. 12), the Third-Party Defendants' motion to dismiss the third-party complaint, (doc. no. 15-1), and Cohen's motion to amend, (doc. no. 18).  Should any portion of the case remain after resolution of these three motions, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending motions, provides further instruction to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 23rd day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Cohen's motion to amend also suggests discovery has not yet begun.  (See doc. no. 18, p. 4 (describing the litigation as in a "nascent stage" and stating "the litigation is still in its preliminary stages, and discovery has not yet [begun]").)